UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY HOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-363-WTL-DKL |
| | ) | |
| SUPERINTENDENT, Indiana State Prison, | ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Anthony Hogan for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I.   Background**

Hogan was convicted in 2006 after trial by jury in Elkhart County of battery, attempted rape and criminal deviate conduct. He was thereafter sentenced to a term of 66 years. The facts set forth by the Indiana Court of Appeals in *Hogan v. State*, 20A03-0606-CR-282 (Ind.Ct. App. 2007)(unpublished)(*Hogan I*) are as follows:

> On a few occasions in the summer and early fall of 2004, Hogan used illegal drugs with Mike Oelslager and his girlfriend, Tracy Kling. On October 5, 2004, Hogan came to the house Kling and Oelslager shared. Oelslager was not home at the time but Kling let Hogan in.
>
> After the two talked for a few minutes, Hogan asked Kling if she wanted to have sex with him. She declined. Hogan grabbed her from behind, pinned one of her arms, picked her up, and carried her to her son's bedroom. He told her he was going to have sex with her. To dissuade Hogan, Kling told him she was on her period and he stated he would have anal sex with her instead. He held Kling down

and attempted to remove her underwear. She struggled against him, and he threatened to kill her.

Kling convinced him not to have sex with her in her son's bedroom. Hogan pushed her out of the bedroom and onto the couch in the living room. He again attempted to remove her underwear. When Kling again stated she was on her period, Hogan told her to perform oral sex on him. He choked her and again threatened to kill her.

Kling broke free and jumped over a banister[, which resulted in a sprained ankle and a back injury]. Before she could get out the front door, Hogan caught her and slammed the door shut. He punched her twice in the head, hitting her eye, nose, and forehead, and causing her to bleed. He again threatened to kill her. Hogan used a shirt to wipe the blood from her face. He then took her back to the couch and forced her to perform oral sex on him. He left shortly afterward, taking the shirt with him.

Kling went to a neighbor's house to call the police. After talking with police, Kling went to the hospital. She received stitches in her forehead, an injection for pain, and a prescription for pain medication.

The State charged Hogan with criminal deviate conduct resulting in serious bodily injury, attempted rape, and battery resulting in serious bodily injury. An habitual offender enhancement was added. During the initial phase of the trial, a jury found Hogan guilty of criminal deviate conduct, attempted rape, and battery.

Outside the presence of the jury and before the habitual offender phase of the trial began, Hogan agreed to "stipulate to a status as a[sic] habitual offender upon the appropriate questions put to him by the State." (Tr. at 418.) In exchange, the State withdrew its "intention to have the jury find aggravating circumstances." (*Id* .) Hogan admitted felony convictions in 1980 and in 1987.

At the sentencing hearing on April 17, 2006, Hogan requested copies of the verdict forms. He then argued his conviction of criminal deviate conduct resulting in serious bodily injury should be set aside because the verdict form did not refer to serious bodily injury, but only to criminal deviate conduct. The sentencing hearing was continued until April 25, 2006, when the trial court denied Hogan's request.

*Hogan I* at pp. 2-4.

As already noted, Hogan was sentenced to an aggregate term of 66 years. Hogan's battery conviction was vacated to correct a double jeopardy violation, but his other convictions were affirmed on appeal in *Hogan I*. Hogan's petition for transfer was denied on July 19, 2007. The

2

trial court's denial of Hogan's petition for post-conviction relief was affirmed on appeal in *Hogan v. State*, 966 N.E.2d 738 (Ind.Ct.App. 2012) (*Hogan II*). Hogan's petition for transfer was denied on August 8, 2012. The filing of Hogan's petition for writ of habeas corpus followed.

Hogan argued in his direct appeal that: 1) there was insufficient evidence to support the habitual offender finding; 2) the verdict forms the criminal deviate conduct charge were incorrect; 3) his convictions were subject to double jeopardy; and 4) there was insufficient evidence to support his conviction for rape.

Hogan argued in *Hogan II* that: 1) trial and appellate counsel failed to argue that a statement he made to a detective was inadmissible for any purpose because it was involuntary; 2) trial counsel failed to advise him of his right to a jury trial on the habitual offender charge and that appellate counsel should have argued that the record was devoid of evidence of a valid waiver of that right; and 3) trial counsel should have requested an instruction on criminal deviate conduct as a class B felony and appellate counsel should have raised it as fundamental error.

In his habeas petition, Hogan asserts the following claims: (1) at his post-conviction appeal, the Indiana Court of Appeals denied Hogan equal protection in finding his statement to police without the presence of counsel was voluntary; (2) at his post-conviction appeal, the Indiana Court of Appeals denied Hogan equal protection when it determined that Hogan did not show prejudice from any absence of an advisement regarding his right to a jury trial on his habitual enhancement; (3) at his direct appeal, the Indiana Court of Appeals denied Hogan due process and equal protection when it determined that his stipulation at trial barred him from challenging the sufficiency of the evidence supporting his habitual enhancement; (4) at his direct appeal, the Indiana Court of Appeals denied Hogan equal protection and due process when it affirmed his class A felony for deviate criminal conduct where the verdict form did not mention

serious bodily injury; (5) at his direct appeal, the Indiana Court of Appeals denied Hogan due process and equal protection when it found Hogan's conviction for attempted rape was supported by sufficient evidence of a substantial step; (6) at his direct appeal, the Indiana Court of Appeals denied Hogan due process and equal protection when in addressing the double jeopardy violation, it vacated Hogan's Class C felony battery conviction instead of reducing his Class A felony criminal deviate conduct conviction to a Class B felony; (7) at his post-conviction appeal, the Indiana Court of Appeals denied Hogan due process and equal protection when it determined that trial counsel's decision to not offer a lesser included offense instruction was a reasonable trial strategy; and (8) at his post-conviction appeal, the Indiana Court of Appeals denied Hogan due process and equal protection when it found the post-conviction court did not err by not addressing the unspecified remaining claims in Hogan's post-conviction petition.

## II. Applicable Law

### A. The AEDPA

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The Court of Appeals has reviewed the standard to be applied here:

> When a state court has ruled on the merits of a habeas claim, our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d); *Harrington v. Richter,* 131 S. Ct. 770, 783–84, 178 L.Ed.2d 624 (2011). Under AEDPA, we may grant relief only if the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Plainly stated, these are demanding standards. This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard "seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000).

*Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012). "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 413 (2000)(citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy,* 521 U.S. 320, 333, n.7 (1997); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

"Federal courts presume that a state court's determination of a factual issue was correct, and a habeas corpus petitioner bears the burden of rebutting that presumption of correctness by

clear and convincing evidence." *Bailey v. Lemke*, 735 F.3d 945, 951 (7th Cir. Nov. 15, 2013) (citing 28 U.S.C. § 2254(d)(2) and *Wood v. Allen*, 558 U.S. 290, 293 (2010)). "Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

### B. Procedural Default

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). A state prisoner procedurally defaults on a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Hough v. Anderson,* 272 F.3d 878, 892 (7th Cir. 2001).

Procedural default can also occur with respect to "a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors

6

worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## III. Discussion

### A. Defaulted Claims

Hogan's due process and equal protection claims are procedurally defaulted. First, all claims that the Indiana Court of Appeals violated his due process and equal protection rights were raised for the first time in either Hogan's petition for transfer or in Hogan's federal habeas petition. He has therefore committed procedural default as to these claims and has not shown the existence of circumstances sufficient to overcome the consequences of that default.

Even if certain claims are not defaulted for this reason, Hogan's claims that on direct appeal the Indiana Court of Appeals improperly: a) determined that Hogan was barred from challenging the sufficiency of the evidence supporting his habitual enhancement based on his stipulation at trial and b) affirmed his class A felony for deviate criminal conduct where the verdict form did not mention serious bodily injury were disposed of independent and adequate state law grounds in *Hogan I*. As to the sufficiency of the evidence supporting the habitual enhancement claim,

> Hogan offered to, and did, stipulate to being an 'habitual offender upon the appropriate questions put to him by the State.' (Tr. at 418). Hogan admitted he had two prior unrelated felony convictions. Having invited the State to rely on his stipulation, Hogan may not now take advantage of the State's decision not to present additional evidence of his prior convictions.

*Hogan I*, at p.6. As to Hogan's verdict form claim, the Indiana Court of Appeals explained that, "Hogan did not object to that instruction or to the verdict form when it was read to the jury. The failure to object at trial results in waiver of the issue on appeal." *Id.*, at p. 7. Under Indiana's doctrine of invited error, "a party may not take advantage of an error [he] commits,

invites, or which is the natural consequence of [his] own neglect or misconduct." *Wright v. State,* 828 N.E.2d 904, 907 (Ind. 2005). The claim is likewise not available here.

"[W]hen a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell,* 129 S. Ct. 1769, 1780 (2009). "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)). The state law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin,* 131 S. Ct. 1120, 1127 (2011) (citing *Wainwright v. Sykes,* 433 U.S. 72, 81–82, 90 (1977)). Invited error and waiver are independent and adequate state grounds of procedural default which bar federal habeas corpus review of these claims and Hogan does not overcome this procedural hurdle. He is therefore not entitled to a review of the merits of these claims.

Hogan's claims at post-conviction regarding trial counsel's decision to not offer a lesser included offense instruction and the failure to address the remaining claims identified in Hogan's post-conviction petition were not included in Hogan's petition for transfer following *Hogan II*, and are therefore, defaulted.

### B. Non-Cognizable Claims

Even if Hogan's claims are not procedurally defaulted, they are non-cognizable or without merit. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the

Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). For example, claims of state law violations do not meet this standard. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)). ATo say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim ›presents no federal issue at all.‹@ *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

Hogan claims that on direct appeal, the Indiana Court of Appeals erred when it remedied a double jeopardy violation by vacating the battery conviction instead of reducing the criminal deviate conduct conviction. Hogan argued at direct appeal that this error was in violation of the Indiana Double Jeopardy Clause. This is a claim under Indiana law and hence, is not cognizable here.

### C. Sufficiency of Evidence

Hogan also claims that his attempted rape conviction was not supported by sufficient evidence of a substantial step. When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier fact could have found proof beyond a reasonable doubt.'" *Cabrera v. Hinsley,* 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 324 (1979)). Here, there was ample evidence from which a rational trier of fact could have

concluded beyond a reasonable doubt that there was a substantial step. As explained in *Hogan I*,

> Hogan 'physically overpower[ed]' Kling when he grabbed her, forced her to the bedroom, pushed her onto the bed, and held her down. Hogan then told Kling he intended to have sex with her and attempted to remove her underwear. When she struggled, he threatened to kill her. The jury could reasonably conclude these actions amounted to a substantial step toward rape. The evidence was sufficient to convict Hogan of attempted rape.

Hogan I, at p. 13. The Indiana Court of Appeals= discussion of the evidence recognized the *Jackson* standard and provided Hogan and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* Ano rational trier of fact@ test. This determination that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt did not run afoul of the AEDPA standard as expressed in 28 U.S.C. ' 2254(d)(1). Hence, Hogan is not entitled to relief based on this claim.

### D. Ineffective Assistance of Counsel

Hogan's remaining claims are that he was denied the effective assistance of trial counsel. Specifically, Hogan claims that counsel failed to: 1) challenge the admissibility of his statements to the police on grounds that the statements were involuntary; and 2) properly advise Hogan on the right to a jury trial on the habitual offender enhancement. The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), pertaining to Hogan's claim is supplied by *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a

conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

Here, the Indiana Court of Appeals recognized the *Strickland* standard. *Hogan II*, 966 N.E.2d at 745-746. As to whether Hogan's statement was voluntary, the Indiana Court of Appeals explained:

> Nevertheless, *in post-conviction proceedings,* it is the petitioner who bears the burden of proof, and the record does not show that trial counsel had any basis for challenging the voluntariness of the statement. Trial counsel testified that in reviewing the evidence and speaking to Hogan, he had no reason to believe that the statement had been involuntary or that Hogan had not understood that he was waiving his right to counsel. Trial counsel stated that he believed that he had made the best objection available. Detective Biller testified that she had advised Hogan of his right to counsel and that he indicated that he understood his rights. She stated that Hogan had not mentioned that he already had counsel until the conclusion of the statement. Although Hogan claimed otherwise in his trial testimony, this testimony could rightly be considered self-serving. Appellate counsel testified that, in his experience, it was not unusual for criminal defendants to make oral statements but refuse to sign written statements because they did not believe that an oral statement carried the same weight. Given the lack of evidence

> that the statement was involuntary, Hogan has not persuaded us that the post-conviction court erred by finding that neither trial nor appellate counsel was ineffective for failing to address the issue.

*Id.*, at 747-48. The Indiana Court of Appeals reviewed Hogan's second *Strickland* claim and determined:

> Hogan has not shown that he was prejudiced. Trial counsel testified that he advised Hogan of his right to a jury trial on the habitual offender enhancement. He also stated that he had reviewed Hogan's criminal record and felt that he was not "in a position to contest with any effectiveness the habitual offender stage." PCR Tr. at 97. Therefore, he felt that any offer by the State, "however small," would benefit Hogan. *Id.* Hogan presented no evidence that he lacks the felony convictions necessary to establish his habitual offender status, nor has he presented any evidence that he would have chosen to proceed with a jury trial had the court explicitly informed him of that right. Therefore, we conclude that Hogan has not established ineffective assistance of counsel with regard to either trial or appellate counsel.

*Id.* at 749.

The Indiana Court of Appeals examined the circumstances associated with Hogan's specifications of ineffective assistance of counsel, reviewed the strong evidence of his guilt, reviewed in considerable detail the findings of the trial court in denying the petition for post-conviction relief, found that the trial court's findings could not be set aside under the proper standard, and after doing so concluded that Hogan had not met either the deficient performance prong or the prejudice prong of the *Strickland* standard. *Hogan II,* at 745-749. In doing so, the Indiana Court of Appeals did not transgress the very deferential AEDPA standards which has already been noted. *Atkins v. Zenk*, 2012 667 F.3d 939, 943-44 (7th Cir. 2012). Hogan is therefore not entitled to habeas corpus relief based on his claim that he was denied the effective assistance of counsel.

## IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Hogan has also encountered the hurdles of presenting non-cognizable claims under 28 U.S.C. § 2254(a) and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks as to his claims.

With respect to habeas claims which have been properly preserved for review here, Hogan is not entitled to relief. The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown,* 127 S. Ct. 2218, 2224 (2007) (citations omitted). As the Supreme Court recently explained, the AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

Having applied the appropriate standard, and having considered the pleadings and the expanded record, Hogan's petition for writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Hogan has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its

procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

      **IT IS SO ORDERED.**

Date: 06/16/2014

Distribution:

Anthony Hogan
#875553
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Electronically Registered Counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana